1 | MICHAEL A. ISAACS (SBN 99782)
  michael.isaacs@dentons.com
2 | ANDREW S. AZARMI (SBN 241407)
  andrew.azarmi@dentons.com
3 | SAMUEL E. KOHN (SBN 304881)
  samuel.kohn@dentons.com
4 | DENTONS US LLP
  One Market Plaza, Spear Tower, 24th Floor
5 | San Francisco, CA 94105
  Telephone: (415) 267-4000
6 | Facsimile: (415) 267-4198

7 | Attorneys for Plaintiff, BARRY MILGROM,
  Chapter 7 Trustee
8 |
  DONALD F. DRUMMOND (SBN 052986)
9 | buldogdrum@drummondlaw.net
  CHRISTINA R. PFIRRMAN (SBN 111964)
10 | CRPfirrman@yahoo.com
  BRIDGET B. BARRETT (SBN 188394)
11 | bbarrett@drummondlaw.net
  DRUMMOND & ASSOCIATES
12 | 101 Mission Street, Suite 500
  San Francisco, CA 94105-1885
13 | Telephone: (415) 433-2261

14 | Attorneys for Defendants LARK CREEK RESTAURANT GROUP, LLC
  and MOANA RESTAURANT GROUP, LLC
15 |

16 | UNITED STATES BANKRUPTCY COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 | SAN FRANCISCO DIVISION

| 19 | In re | Case No. 16-30575 DM |
|---|---|---|
| 20 | LARK CREEK CAFE, INC. | Chapter 7 |
| | *fdba* LARK CREEK WALNUT CREEK | Hon. Dennis Montali |
| | *fdba YANKEE* PIER LARKSPUR, | |
| 21 | Debtor. | |
| 22 | BARRY MILGROM, Chapter 7 Trustee, | Adversary Proceeding No. 18-03060 |
| 23 | Plaintiff | **JOINT CASE MANAGEMENT STATEMENT (FED. R. CIV. P. 26(f) REPORT AND DISCOVERY PLAN)** |
| 24 | v. | |
| 25 | LARK CREEK RESTAURANT GROUP, | Date: November 30, 2018 |
| | LLC, and MOANA RESTAURANT GROUP, | Time: 1:30 PM |
| 26 | LLC | Place: Courtroom 17 |
| 27 | Defendants. | Hon. Dennis Montali |
| | | 450 Golden Gate Ave, 16th Floor |
| | | San Francisco, CA 94102 |
| 28 | | |

109443307

1

Pursuant to the Federal Rules of Bankruptcy Procedure, Rule 7026, the Federal Rules of Civil Procedure, Rule 26(f), and Northern District of California Civil Local Rule 16, Plaintiff-Trustee Barry Milgrom ("Trustee") and Defendants Lark Creek Restaurant Group, LLC, and Moana Restaurant Group, LLC (collectively, the "Parties") have met and conferred and hereby submit their Joint Case Management Statement.

## 1. Jurisdiction/Venue

- This Court has original subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.
- There are no known issues with personal jurisdiction.
- All named Parties have been served, and there are no known outstanding issues with service.

## 2. Factual Summary of Case

This case concerns an Asset Contribution Agreement ("ACA") between the Debtor and Defendant Lark Creek Restaurant Group, LLC ("LCRG"). Under the ACA, the Debtor agreed to contribute certain of its assets (subject to liabilities) to LCRG in exchange for an ownership interest in LCRG. Separately, defendant Moana Restaurant Group, LLC ("Moana") agreed to manage the restaurants to be owned and/or operated by LCRG in exchange for LCRG's payment of management fees pursuant to a Restaurant Management Agreement between LCRG and Moana. Subsequently, when the Debtor desired to avoid making further investment in LCRG, the Debtor, LCRG and Moana entered into a Memorandum of Agreement ("MOA") pursuant to which the Debtor transferred its ownership interest in LCRG to Moana in exchange for LCRG's obligation to pay $300,000 from certain LCRG-owned revenues as consideration. LCRG has not paid the $300,000 to the Debtor.

### a. Trustee's position:

- LCRG transferred the revenue-generating restaurant assets owned by LCRG to Moana, leaving LCRG with no source of income to repay its debt to the Debtor.
- LCRG and Moana are unquestionably alter-egos under applicable California law

109443307

2

1    because they share the same ownership, the same principal manager, and even the

2    same business office and attorney.

3    • The transfer of LCRG's assets was made with the intent to hinder and delay the

4    Debtor's ability to enforce LCRG's payment obligation, as evidenced by the

5    presence of many "badges of fraud."

6        **b. Defendants' position:**

7    • The assets transferred to LCRG by the Debtor failed to produce the revenues from

8    which the $300,000 at issue was to be paid.

9    • Moana was not a party to the ACA, and never had any payment obligation under

10    the MOA.

11    • The Debtor induced Moana to enter into the Restaurant Management Agreement

12    and to invest in the Debtor by misrepresenting the condition of the Debtor's assets

13    and failing to disclose their true condition.

14    • The Debtor did not deliver assets constituting consideration for the MOA.

15    • The transfer of certain licenses to Moana was neither fraudulent nor made with

16    intent to hinder or delay the Debtor; nor did it occur within temporal proximity to,

17    nor after, the Debtor's initial Chapter 11 petition.

18    •  Moana is not the alter ego of LCRG.  In fact, until January of 2016, LCRG was

19    under common control with *the Debtor*.

20    **3. Legal Issues**

21     The controlling disputed legal issues are:

22    • Whether Defendants breached a contract with the Debtor by failing and refusing to

23    pay the $300,000 due to the Debtor.

24    • Whether both LCRG and Moana are liable to the Trustee on this claim.

25    • Whether LCRG's assignment of assets to Moana, thereby allegedly leaving LCRG

26    unable to fulfill its contractual payment obligations, was an intentionally

27    fraudulent transfer or a constructively fraudulent transfer, or both.

28    • Whether the Debtor's prior alleged fraud and/or alleged failure to perform (alleged

109443307

by Defendants) excuses the performance of either defendant.

- Whether the Debtor's liability for alleged fraud and/or alleged failure to perform offsets any possible liability to the Trustee.

**4. Motions**

There are no prior or pending motions. The Trustee may file a motion for summary judgment.

**5. Amendment of Pleadings.**

The Parties do not anticipate adding any additional parties, claims or defenses to this lawsuit. The Parties also do not anticipate any pleading amendments.

**6. Evidence Preservation.**

The Parties will meet and confer further regarding the preservation of evidence. All Parties are complying in good faith with their obligations to preserve potentially relevant documents.

**7. Disclosures.**

The Parties will exchange initial disclosures on November 26, 2018. The Parties do not anticipate any problem with the exchange.

**8. Discovery.**

    **a.    Discovery Taken to Date.**

The Trustee has previously subpoenaed documents from Moana and conducted an examination of its CEO, Tim Harmon, pursuant to F.R.B.P. Rule 2004.

No discovery has been taken in this adversary proceeding to date by either party.

    **b.    Scope of Anticipated Discovery**

The scope of discovery is the merits of the case and the defendants' defenses, as defined by the Complaint and Answer.

    **c.    Electronically Stored Information**

The Parties will meet and confer in good faith regarding a protocol for the production of ESI when discovery has opened in this matter.

/ / /

109443307

4

1        **d.**       **Limitations on or Modifications of the Discovery Rules**

2        The Parties do not anticipate any changes to the limitations in discovery proposed by the

3 Federal Rule or Local Rules at this time.

4        **e.**       **Rule 26(f)(3) discovery plan.**

5        26(f)(3)(A):   No changes to the initial disclosures.

6        26(f)(3)(B):   Discovery shall be on the full scope of merits, and as allowed under the

7 FRCP with the usual limits based on relevance, proportionality, privilege and otherwise. The

8 Parties proposed discovery completion date is set forth below.

9        26(f)(3)(C):   No notable issues or obstacles were presented or are anticipated in relation

10 to discovery or ESI.

11        26(f)(3)(D):   The Parties agree that privileged materials shall be returned or destroyed

12 upon discovery by either Party, at the request of either party in writing by email or letter, for the

13 duration of the litigation. Any dispute over whether particular information is privileged shall be

14 decided by this Court as required in accordance with the FRBP, FRCP, FRE, Northern District

15 Local Rules and any standing orders or required procedure of this Court.

16        26(f)(3)(E):   No changes or modifications to the requirements of the FRCP and Local

17 Rules.

18        26(f)(3)(F):   No such orders are needed at this time.

19    **9.**  **Class actions.**

20        This action is not a class action.

21    **10.** **Related cases.**

22        This adversary proceeding is related to the main case *In Lark Creek Cafe, Inc. fdba Lark*

23 *Creek Walnut Creek fdba Yankee Pier Larkspur*, Case No. 13-30477 HLB, in the United States

24 Bankruptcy Court, Northern District of California.

25    **11. Relief sought.**

26        **a.**       **Complaint.**

27        Trustee's Complaint seeks $300,000 in damages for breach of contract, interest on that

28 amount, attorney's fees and costs, and declaratory relief that LCRG's assignment of property to

109443307

5

Moana is void and that both LCRG and Moana are liable to the Trustee on all claims.

**12. Settlement and ADR.**

The Parties are amenable to the Bankruptcy Dispute Resolution Program, pursuant to Rule 9040-1 of the Bankruptcy Local Rules for the Northern District of California.

**13. Consent to Magistrate Judge for All Purposes.**

Not applicable.

**14. Other references.**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**

The Parties are not aware of any issues that can be narrowed at this time.

**16. Expedited Trial Procedure**

The Parties do not believe that this is the type of case that can be handled on an expedited Basis.

**17. Scheduling**

The Parties suggest the following schedule, subject to the Court's schedule:

| | |
|---|---|
| Discovery cutoff: | March 29, 2019 |
| Final motion hearing date: | April 30, 2019 |
| Final pretrial conference date: | May 28, 2019 |
| Trial Date: | June 10, 2019 |

Expert deadlines will be based off of the FRCP and Local Rules.

**18. Trial**

The Trustee anticipates a two (2) day trial based on the current scope of the case.

The Defendants anticipate a three (3) day trial based on the current scope of the case.

**19. Disclosure of Non-party Interested Entities or Persons.**

The Parties are unaware of any non-party persons, firms, partnerships, corporations, or other entities that either have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could substantially be affected by the outcome

109443307

6

of the proceeding.

**20. Professional Conduct.**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters.**

None at this time.

DATED: November 19, 2018        DENTONS US LLP


By:       */s/Andrew S. Azarmi*
          ANDREW S. AZARMI
          Attorneys for Plaintiff BARRY MILGROM,
          Trustee in Bankruptcy


DATED: November 19, 2018


By:       */s/Donald F. Drummond*
          DONALD F. DRUMMOND
          Attorneys for Defendants LARK CREEK
          RESTAURANT GROUP, LLC
          and MOANA RESTAURANT GROUP, LLC

109443307

7